IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT M. ROBINSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-145 |
| | § | |
| HOME DEPOT U.S.A., INC., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

ORDER

Pending before the court is the Magistrate Judge's Memorandum and Recommendation ("M&R") that this action be dismissed for plaintiff's failure to prosecute it due to plaintiff's repeated failure to participate in court proceedings. Dkt. 106. Plaintiff has filed objections admitting that he did not participate in a March 29, 2011 telephone status conference, and that he did not attend either an April 19, 2011, conference, or a show cause hearing on April 29, 2011. Dkt. 110. Plaintiff asserts, however, that he was unaware of the telephone conference, and that he chose not to attend the other two proceedings in person both because he is unable to afford travel to Houston, and because he is afraid that he will be incarcerated illegally by the City of Houston should he attempt to do so. Dkt. 110.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); see *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir.1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute ... [a district court may] *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.") (internal citations omitted); Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may

move to dismiss the action or any claim against it."). Dismissals with prejudice, however, require "a clear record of delay or contumacious conduct by the plaintiff" as well as a determination "that lesser sanctions would not prompt diligent prosecution." *Watson v. United States*, 285 Fed. App'x 140, 143 (5th Cir. 2008) (citing *Stearman v. Comm'r of Internal Rev.*, 436 F.3d 533, 535 (5th Cir. 2006)). The Fifth Circuit has affirmed dismissals with prejudice where at least one of three aggravating factors was present: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The docket sheet in this case reflects an almost constant stream of pleadings by plaintiff, who is proceeding *pro se*, and some of these pleadings are clearly improper. Plaintiff's amended complaints are verbose and confusing, particularly for a case that plaintiff himself describes as "plain and simple" and arising from Home Depot preventing him from selling generators on land adjacent to one of its stores after Hurricane Ike. Dkt. 110. In his second amended complaint, plaintiff purports to raise thirty-three causes of action. Dkt. 35. His third amended complaint contains thirty-six causes of action. Dkt. 80. The Magistrate Judge, faced with these prolix iterations of the case, as well as a handful of equally questionable motions by plaintiff seeking, *inter alia*, to strike pleadings, to obtain summary judgment, to disqualify counsel, and to compel discovery (Dkts. 60-65), set a telephone status conference for March 29, 2011. Dkt.82. Plaintiff did not call in for the conference, but did call the Magistrate Judge's chambers later that same day to find out what occurred at the conference. Dkt. 106 at 3.

The Magistrate Judge then set a status conference for April 19, 2011, and directed the parties to appear in person. When plaintiff failed to appear, the Magistrate Judge set a show cause hearing

for April 29, 2011.  Dkt 97.  Plaintiff again failed to appear.  Faced with these repeated instances of

disregard of the court's orders to appear to deal with motions plaintiff himself filed, the Magistrate

Judge issued the instant M&R detailing these failures, and concluding that dismissal with prejudice

was appropriate.  Dkt. 106.

      Plaintiff's assertion in his objections that he was unaware that he was required to call in to

the court for the March 29, 2011, telephone conference is belied by his repeated calls to the

Magistrate Judge's case manager that same day.  Dkt. 106.  Further, plaintiff would have suffered

no sanction, and certainly not dismissal, if he had attended either of the following two scheduled

proceedings during April.

      Furthermore, plaintiff's asserted reasons for his failure to attend these proceedings in person

are, themselves, further bases for dismissal.  In his objections to the M&R, plaintiff refers to an

explanation he previously offered concerning his refusal to attend court proceedings, i.e., that "city

inspectors are attempting to have [plaintiff] arrested illegally."  Dkt. 110 ¶ 20.  In a prior pleading,

plaintiff gave more details concerning this alleged vendetta by the City of Houston.  Dkt. 93.

Plaintiff asserted that he has investigated and reported on fraud within the City of Houston, and

specifically concerning the operation of the city's sewage system:

> 21.  All of those records and information are but a small pebble to
> the main reason why the city of Houston will not stop until plaintiff is
> *incarcerated or dead*.  Plaintiff has stated to the city of Houston that he will
> develop and market a waterless toilet so that the citizens of Houston can
> refrain from being forced to give the city their poop.

*Id*. ¶ 21 (emphasis added).  The arrangement for collection and treatment of sewage here, and

elsewhere, is a consensual (and necessary) relationship between the citizenry and the city

government; but this is a digression from the main point which is that plaintiff has offered this

supposed dispute with the City of Houston as the basis for his failure to attend two scheduled court hearings after being ordered to do so.  Plaintiff goes on to allege that the city makes "hundreds of millions" of dollars in revenue from this "forced" sewerage arrangement, and, the economy being on the verge of collapse, plaintiff's intended invention makes him a "severe liability to the city coffers," leading plaintiff (ineluctably it seems) to the following conclusion:

> 23.     It is no secret that the world is running out of clean drinking water and that the insane use of clean drinking water to flush septage will be mandatorily phased out in this country and if the city can incarcerate perhaps the inventor and promoter of such a system then it will serve to prolong the city's illegal revenue.

*Id*. ¶ 23.

Plaintiff's excuse for failing to call in for the March 29, 2011, telephone conference is patently false.  Plaintiff's excuse for failing to appear in person for the two subsequently scheduled court proceedings, although certainly more entertaining, is no less baseless.  Plaintiff's asserted belief that he is in actual physical danger because someone associated with the City of Houston fears his specific ability to revolutionize the sewage industry (with an invention he hasn't yet invented), is either another knowingly false representation on his part, or is simply irrational.  In either case, plaintiff's repeated failures to obey court orders and participate in scheduled proceedings qualify his actions for two of the aggravating circumstances identified by the Fifth Circuit as bases for dismissing a case with prejudice–plaintiff has himself caused delay, and the delay was caused by intentional conduct.  *Berry*, 975 F.2d at 1191.

Finally, plaintiff's repeated filing of prolix, confounding pleadings in this relatively simple case is sufficient indication he has no intention of proceeding with this case in good faith, and that any lesser sanction than dismissal would be wholly ineffectual.

4

After considering the M&R, all relevant filings, and the applicable law, the court is of the opinion that the M&R should be adopted by this court.  Therefore, the M&R (Dkt. 106) is hereby **ADOPTED**.  This case is **DISMISSED WITH PREJUDICE**.

It is so ORDERED.

Signed at Houston, Texas on May 19, 2011.

Gray H. Miller
United States District Judge